IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 3, 2009

Charles R. Fulbruge III
Clerk

No. 07-41098

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

TIMOTHY PATRICK ROSS,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before JONES, Chief Judge, and OWEN and SOUTHWICK, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

Timothy Patrick Ross pled guilty to one count of possession of child pornography and was sentenced to sixty months imprisonment. Shortly after the initial sentencing hearing, the district court sua sponte resentenced Ross to seventy months to correct what it deemed to be "clear error" within the meaning of Federal Rule of Criminal Procedure 35(a). Ross argues that the district court did not have the authority to make this modification. We agree. Accordingly, we vacate and remand for reinstatement of the original sentence.

I

Ross was arrested after a police search of his computer and other electronic media storage devices revealed a number of pornographic images of minors. Ross pled guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). In addition to the federal proceedings, Ross was under investigation in Colorado in relation to online communications, sexual in nature, with an undercover officer whom he believed to be a twelve-year-old female. Ross had also developed an online relationship with a female from Texas that began when she was approximately twelve years old.

The presentence report (PSR) determined Ross's offense level to be twenty-seven. With no criminal history, this yielded an advisory Guidelines sentencing range of seventy to eighty-seven months. At the sentencing hearing, Ross asked for leniency based on various factors, including his lack of prior offenses, strong family support, and relatively young age. Dr. Hughes, a psychiatrist who evaluated Ross, testified at the sentencing hearing that, in her opinion, Ross was at a low risk of recidivism. The district court sentenced Ross to sixty months, a below-Guidelines sentence.

Ten days after sentencing, the district court sua sponte scheduled a resentencing hearing. The court expressed concern that Ross had progressed from possession of pornography, to possession of child pornography, to initiating contact with children. Explaining that it had not focused sufficiently on Ross's escalating behavior and that it was "clearly erroneous" not to do so, the district court increased Ross's sentence to seventy months. The court also noted the seriousness of the offense from the victim's perspective and the need for adequate deterrence. The court concluded that the Guidelines were reasonable as applied to Ross's case, and the court chose a sentence at the low end of the range.

The district court relied on Rule 35(a) of the Federal Rules of Criminal Procedure as the basis for its authority to modify Ross's sentence. Ross, in turn, claims that the district court did not have the requisite authority and thus asks this court to reinstate his original sentence of sixty months.

## II

A district court's authority to modify a previously imposed sentence is limited. By statute, such modifications are appropriate in the following circumstances: (1) upon a motion for reduction by the Director of the Bureau of Prisons, after review of the relevant statutory factors, if there are "extraordinary and compelling factors" warranting such a reduction; (2) to the extent otherwise expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; or (3) if the case involves a defendant sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission and such a reduction would be consistent with the Commission's policy statements.[1]

Of these alternatives, the only potential basis for resentencing in this case was Rule 35(a) of the Federal Rules of Criminal Procedure, which provides:

> Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.[2]

The district court acted within the seven-day time limit (when an intervening weekend and court holiday are excluded), and the only issue on appeal is whether Ross's original sentence resulted from "arithmetical, technical or other clear error" within the meaning of Rule 35(a).

---

[1] 18 U.S.C. § 3582(b), (c)(1)-(2); see also United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997) (stating that the district court is authorized to modify a previously imposed sentence only in the limited number of circumstances enumerated in 18 U.S.C. § 3582(b)).

[2] FED. R. CRIM. P. 35(a). Prior to 2002 this provision was located in Rule 35(c).

III

Whether the district court had authority to resentence a defendant pursuant to Rule 35(a) is a question of law that we review de novo.[3] Our court considered at some length, in United States v. Lopez, the history and meaning of Rule 35(a), although we did not purport "to address exhaustively the contours of the district court's authority to correct a sentence pursuant to Rule 35([a])."[4] Nor will we today attempt to demarcate the outer boundaries of "other clear error" within the meaning of Rule 35(a) because our precedent and the history of Rule 35(a) establish that the re-sentencing at issue here was not due to "arithmetical, technical, or other clear error."[5]

As we observed in Lopez, the Advisory Committee's notes regarding the 1991 amendments to Rule 35 reflect that the Committee intended the scope of a district court's authority to modify a sentence to be "very narrow and . . . extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under [then existing] Rule 35(a)."[6]

---

[3] See Bridges, 116 F.3d at 1112 (reviewing de novo whether the district court had authority to resentence); accord United States v. Houston, 529 F.3d 743, 748 (6th Cir. 2008) ("Whether the district court had the authority to resentence defendant is a question of law subject to de novo review." (citing United States v. Ross, 245 F.3d 577, 585 (6th Cir. 2001))); United States v. Clark, 538 F.3d 803, 808 (7th Cir. 2008) (stating that the question of the district court's authority to correct a sentence under Rule 35(a) is a question of law reviewed de novo); United States v. Sjeklocha, 114 F.3d 1085, 1087 (11th Cir. 1997) (stating that whether the district court had the authority to resentence the defendant under Rule 35 is a "legal question subject to plenary review").

[4] 26 F.3d 512, 523 (5th Cir. 1994) (construing former Rule 35(c), which is now Rule 35(a)).

[5] FED. R. CRIM. P. 35(a).

[6] Lopez, 26 F.3d at 520 (quoting FED. R. CRIM. P. 35 advisory committee's note) (internal quotation marks omitted).

At the time these comments referencing the then-extant Rule 35(a) were written, Rule 35(a) set forth the bases on which appellate courts could vacate and remand for resentencing:

> (a) Correction of a Sentence on Remand. The court shall correct a sentence that is determined on appeal under 18 U.S.C. 3742 to have been imposed in violation of law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable, upon remand of the case to the court—
>
> (1) for imposition of a sentence in accord with the findings of the court of appeals; or
>
> (2) for further sentencing proceedings if, after such proceedings, the court determines that the original sentence was incorrect.[7]

The Advisory Committee's notes explain that in adding what was then Rule 35(c) and is now Rule 35(a), the intent was to "in effect codif[y] the result in . . . two cases but provide[] a more stringent time requirement."[8] The two cases cited were the Fourth Circuit's decision in United States v. Cook[9] and the Second Circuit's decision in United States v. Rico.[10]

In Cook the district court had stated that it intended to sentence in accordance with U.S.S.G. § 5C2.1(c), but it initially imposed a sentence that was not permitted by that provision of the Guidelines.[11] The district court subsequently realized its error in interpreting section 5C2.1(c) and sua sponte issued an amended sentencing order imposing a different sentence.[12] The Fourth

---

[7] Id. at 517 (quoting the version of FED. R. CRIM. P. 35(a) effective November 1, 1987 and discussed in the Advisory Committee's notes regarding the 1991 amendments).

[8] FED. R. CRIM. P. 35 advisory committee's note.

[9] 890 F.2d 672 (4th Cir. 1989).

[10] 902 F.2d 1065 (2d Cir. 1990).

[11] 890 F.2d at 674.

[12] Id.

Circuit affirmed the district court, stating that among its reasons for doing so was the fact that the original sentence "was not a lawful one" because it was not authorized by the then-mandatory sentencing Guidelines.[13]

In Rico the district court accepted a plea agreement that stipulated the sentence was to include three years of imprisonment.[14]  At the sentencing hearing, counsel for the Government mistakenly advised the district court that the plea agreement specified a cap of three years imprisonment rather than a sentence of that length.[15]  The district court accepted the presentence report's recommendation of a term of imprisonment of six months, which was a typographical error, and imposed a sentence of time-served, which was approximately ten months.[16]  The government brought the mistakes to the court's attention three days later, and the court resentenced the defendant to three years imprisonment less time served.[17]  The Second Circuit acknowledged that "the district court mistakenly deviated from, but did not reject, the plea agreement,"[18] and upheld the new sentence, referring to the sentence originally and erroneously imposed under a then-mandatory sentencing regime as an "illegal sentence."[19]

The decision in Cook reasoned, in part, that "[t]he power of a district court to amend a sentence does not extend to a situation where the district judge

---

[13] Id. at 675.

[14] 902 F.2d at 1066.

[15] Id.

[16] Id.

[17] Id.

[18] Id.

[19] Id. at 1068.

simply changes his mind about the sentence."[20]   The Advisory Committee's comments regarding the promulgation of current Rule 35(a) adopted this limitation:

> The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence.  Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.[21]

Our court in Lopez similarly observed that Rule 35(a) does not authorize re-sentencing when the basis for doing so is that the district court changed its mind about the appropriateness of the sentence.[22]   We quoted the foregoing comments by the Advisory Committee, and we confirmed that Rule 35(a) "should [not] be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines."[23]

There is at least some tension within the Advisory Committee's notes regarding what was then Rule 35(c) and is now Rule 35(a).  As noted, the Committee indicated that the scope of a district court's authority to re-sentence

---

[20] United States v. Cook, 890 F.2d 672, 675 (4th Cir. 1989).

[21] FED. R. CRIM. P. 35 advisory committee's note.

[22] United States v. Lopez, 26 F.3d 512, 520 (5th Cir. 1994); see also id. (citing United States v. Strozier, 940 F.2d 985, 987 (6th Cir. 1991) for the proposition that the "power of [a] district court to amend a sentence extends only to a situation where the district judge has misapplied the guidelines, not to situations where he simply changes his mind about the sentence"); id. at 521 (citing United States v. Fraley, 988 F.2d 4, 7 (4th Cir. 1993) as "holding the sentencing court had no authority to alter a sentence where the court had 'simply changed its mind.'"); id. (citing United States v. Arjoon, 964 F.2d 167, 169-70 (2d Cir. 1992) as holding that the district court could not reduce a sentence that it later concluded was "unduly harsh" and "that the sentencing court lacked any power to change a sentence in the absence of error, and where the new sentence reflected the judge's change of heart").

[23] Id. at 520.

was "very narrow" and did not extend to discretionary decisions, and the Advisory Committee also stated that the subdivision "addresses obvious technical mistakes." But in describing the reach of a district court's authority to withdraw a sentence and impose a new one prior to appeal under then-Rule 35(c), the Advisory Committee also referred to former subsection (a) of Rule 35, which set forth all the bases on which an appellate court could reverse a sentence:

> The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a).[24]

It is not entirely clear whether a district court was authorized to withdraw any sentence that would have been vacated and remanded on appeal or only a narrower subset of such sentences and, if the latter, what criteria was to be used to determine the boundaries of what "would almost certainly result in remand . . . for further action under Rule 35(a)."[25]

The 2002 amendments to Rule 35 repealed former subsection (a) of Rule 35. It is not clear how, or if, this amendment was intended to affect the scope of a district court's authority to withdraw a sentence and issue a new one prior to appeal.[26] One of the reasons given for removing former subsection (a) from Rule

---

[24] FED. R. CRIM. P. 35 advisory committee's note.

[25] Id.

[26] See id., stating:

The Committee deleted current Rule 35(a) (Correction on Remand). Congress added that rule, which currently addresses the issue of the district court's actions following a remand on the issue of sentencing, in the Sentencing Reform Act of 1984. Pub. L. No. 98-473. The rule cross-references 18 U.S.C. § 3742, also enacted in 1984, which provides detailed guidance on the various options available to the appellate courts in addressing sentencing errors. In reviewing both provisions, the Committee concluded that Rule 35(a) was no longer needed. First, the statute clearly covers the subject matter and second, it is not

35 was that it was "no longer needed" since Congress had, in 1984, "clearly cover[ed] the subject matter" in 18 U.S.C. § 3742.[27] In 2005 the Supreme Court declared that the mandatory nature of the Sentencing Guidelines was unconstitutional,[28] and the Court "excised"[29] 18 U.S.C. § 3742(e), which set forth the bases on which a district court's sentence could or should be vacated. Rule 35 was amended in 2007 to conform Rule 35(b)(1) to Booker,[30] but no changes were made to Rule 35(a).

Both parties to the current appeal suggest or at least intimate that the scope of a district court's authority under Rule 35(a) has expanded as a result of the advisory rather than mandatory nature of the Guidelines. The Supreme Court has held that the Guidelines are a point of reference for district courts in selecting a sentence but that district courts have considerable discretion in imposing a sentence, and district courts cannot presume that a sentence within the Guidelines is reasonable.[31] Reasonableness is the touchstone.[32] The argument could be made that since reversal of sentences on appeal for other than procedural error now rests on unreasonableness, "clear error" in Rule 35(a) can now encompass essentially the equivalent of "plain error."[33] Similarly, it

---

necessary to address an issue that would be very clear to a district court following a decision by a court of appeals.

[27] Id.

[28] United States v. Booker, 543 U.S. 220 (2005).

[29] Id. at 245.

[30] See FED R. CRIM. P. 35 advisory committee's note.

[31] See Gall v. United States, 128 S.Ct. 586 (2007); Kimbrough v. United States, 128 S.Ct. 558 (2007); Rita v. United States, 127 S.Ct. 2456 (2007).

[32] See Gall, 128 S.Ct. at 594-96; Rita, 127 S.Ct. at 2466-69.

[33] See United States v. Olano, 507 U.S. 725, 732 (1993) (defining plain error as "an 'error' that is 'plain' and that 'affect[s] substantial rights.' Moreover, Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the court of appeals, and

could be argued that even if "clear error" is, in the words of the Advisory Committee's notes to the 1991 amendments, error that is "obvious" and "would almost certainly result in a remand of the case to the trial court," the unreasonableness of the sentence can be considered by a district court within the seven-day window in Rule 35(a) for re-sentencing.[34]  Of course, such an interpretation of Rule 35(a) would be at odds with the Advisory Committee's view in 1991 that the rule was not intended to permit district courts to revisit discretionary determinations.

We are at least skeptical that Rule 35(a), after Booker, permits a district court to change a sentence on the basis that the original sentence was "unreasonable." We are confident, however, that a district court is not permitted to withdraw a reasonable sentence and impose what is, in its view, a more reasonable one.  The original sentence imposed by the district court in the present case was not unreasonable.

There is no contention that the district court committed procedural error in calculating the applicable Guidelines range or in any other respect, so we are left with the propriety of the length of the original sentence in light of the factors set forth in 18 U.S.C. § 3553(a).  Given the considerable discretion the district court had when it first imposed the sentence, we cannot say that imprisonment for sixty months, which was ten months below the lower limit of the seventy to eighty-seven month advisory Guidelines range, was unreasonable.  The district court initially considered all the relevant facts and imposed a sentence within its discretion.  Any subsequent misgivings about the leniency or severity of the

---

the court should not exercise that discretion unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" (citations omitted) (alterations in original)).

[34] But see United States v. Arroyo, 434 F.3d 835, 838-39 (6th Cir. 2006) (holding that re-sentencing was beyond the authority granted in Rule 35(a) when original sentencing was "within the district court's discretion" and "not invalid or clearly erroneous").

sentence do not constitute the type of error that is contemplated by Rule 35(a). Accordingly, the district court did not have authority to re-sentence Ross.

\*    \*    \*

Because we conclude that Ross's original sentence was not the result of clear error, the district court did not have authority to subsequently modify the sentence pursuant to Rule 35(a). Accordingly, we VACATE and REMAND for reinstatement of the initial sentence, which included sixty months of imprisonment.