# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 8, 2010

No. 09-40295
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAFAEL SANTOS GALAN-CASTRO, also known as Rafael Hernandez-Castro, also known as Rafael Hernandez, also known as Rafael Castro, also known as Rafael Santos Galan, also known as Victor Manuel Hernandez, also known as Nathan Hernandez, also known as Rafael Fernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CR-749-1

Before WIENER, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rafael Santos Galan-Castro pleaded guilty to illegal reentry. The district court sentenced him to 57 months of imprisonment, three years of supervised release, and a $100 special assessment. The district court, expressing concern that Galan-Castro received ineffective assistance of counsel at sentencing, sua sponte vacated the judgment against Galan-Castro, appointed the Federal Public

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Defender to represent Galan-Castro, and set the case for resentencing. The district court imposed the same sentence on resentencing, which occurred 14 days after the original sentence was imposed.

The parties both argue that the district court lacked authority to resentence Galan-Castro. This court reviews de novo whether a district court had authority to resentence a defendant pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure. *United States v. Ross*, 557 F.3d 237, 239 (5th Cir. 2009).

"[A] district court's authority to correct or modify a sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582([c])." *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997); *see also United States v. Lopez*, 26 F.3d 512, 516 (5th Cir. 1994) (district court authorized to modify term of imprisonment only if one or more bases permitted by § 3582(c) is applicable). The only statutory predicate potentially applicable to the instant case is § 3582(c)(1)(B), which authorizes a sentencing court to modify a sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

Assuming for the sake of argument that the amended version of Rule 35, which became effective while this appeal was pending, made the district court's resentencing timely, the district court nevertheless overstepped its authority in resentencing Galan-Castro. Any sua sponte sentencing modifications must be made "to correct a sentence that resulted from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). Although the district court expressed concerns about counsel's performance at sentencing, Galan-Castro's initial sentence did not result from clear error. Galan-Castro's attorney's commitment to an argument that could have lengthened Galan-Castro's sentence did not actually prejudice Galan-Castro since the district court declined to enhance Galan-Castro's sentence based on counsel's argument. Further, Galan-Castro's counsel on resentencing found nothing that would impact Galan-Castro's

2

sentence that had not previously been called to the district court's attention, and the district court imposed the same sentence.

Because there was no "clear error," the district court lacked authority to resentence Galan-Castro pursuant to Rule 35(a). *Ross*, 557 F.3d at 239-43. Therefore, we VACATE and REMAND this case for reinstatement of the original judgment.