NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1583
_____

UNITED STATES OF AMERICA

v.

MAURICE LAMAR ROSS,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 1:08-00019-001)
Honorable John E. Jones, III, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
December 17, 2010

BEFORE:  SLOVITER, GREENAWAY, JR., and GREENBERG, Circuit Judges

(Filed:  February 9, 2011)
_____

OPINION OF THE COURT
_____

GREENBERG, Circuit Judge

This matter comes on before this Court on defendant-appellant Maurice Ross's

appeal from a sentence that the District Court imposed on him following an order

granting the government's motion under Federal Rule of Criminal Procedure 35 to

correct the original sentence that it had imposed in this case. The Court imposed both the original and corrected sentences on two counts of an indictment in a drug trafficking and firearms case in which Ross pleaded guilty to count one of the indictment, possession with intent to distribute cocaine base, 21 U.S.C. § 841(a), and to count two of the indictment, possession of a firearm in furtherance of drug trafficking, 18 U.S.C. § 924(c).[1] The Court held its original sentencing hearing on February 2, 2010, at which time it sentenced Ross to a custodial term of one day on count one and 60 months on count two, the terms to be consecutive.

Later on the day of the sentencing the government filed a motion to correct the sentence pursuant to Rule 35, contending that in imposing the sentence the District Court misapprehended the sentencing guidelines. Ross answered that motion on February 3, 2010, by filing a motion to strike the government's motion on the ground that the original sentence was neither illegal as to its terms nor illegally imposed and thus Rule 35 did not grant the Court authority to change the sentence. Nevertheless, on February 3, 2010, the Court issued a memorandum and order granting the government's motion, vacating the original sentence, and rescheduling Ross's sentencing. Then the Court on February 12, 2010, held a new sentencing hearing at which it sentenced Ross to a 90-month custodial term divided into 30 months on count one and 60 months on count two, the terms to be consecutive. Later on that day it entered a judgment of conviction and sentence reflecting the new sentence. Ross has filed a timely appeal from the February 12, 2010

---

[1] The indictment had a third count that the Court dismissed and, accordingly, we do not discuss that count.

2

sentence and the February 3, 2010 order granting the government's motion to correct the original sentence.

The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. Inasmuch as Ross does not challenge the length of the sentence that the Court imposed on February 12, 2010, and limits his appeal to his contention that the Court did not have the authority to change the original sentence under Rule 35, we are exercising plenary review on this appeal. See United States v. Ross, 557 F.3d 237, 239 (5th Cir. 2009).

We need not go into detail regarding the facts of this case as the parties are familiar with them. Instead, it is sufficient to point out that Ross's arrest and indictment arose from his activity as a retail drug vendor in the Harrisburg, Pennsylvania, area. After Ross's guilty pleas the probation department prepared a presentence report in which it determined that Ross had 13 criminal history points and therefore had a Criminal History Category of VI. The report indicated that Ross's sentencing guidelines range was 100 to 125 months for his drug trafficking conviction[2] on count one and that the Court statutorily was obliged to impose a 60-month sentence on count two to run consecutively to the sentence on count one. Ross, however, requested the Court to make a downward adjustment of his sentencing range predicated on his acceptance of responsibility, but the Court rejected that request as Ross had engaged in criminal conduct while on pretrial release pending the disposition of the charges in this case. Ross, however, successfully

---

[2] Ross recognizes that the guideline range that the probation department calculated was "based upon the possession with the intent to distribute cocaine base count, and excluded from the calculation the firearms count under Section 924(c)." Appellant's br. at 5.

3

requested that the Court reduce his criminal history category of VI on the ground that a criminal history category of VI overrepresented his criminal history. In granting that request, the Court reduced Ross's criminal history category to IV. Consequently, Ross's sentencing guideline range was reduced to a range of 77 to 96 months on count one.

At the February 2, 2010 sentencing hearing, Ross sought a variance from his guidelines range because the range reflected the often challenged disparity between the powder and crack cocaine sentencing guidelines. In this regard Ross asked the Court to adopt a one-to-one ratio between powder and crack cocaine, a proposal that if accepted would have reduced Ross's sentencing guidelines range on count one to 30 to 37 months. The Court responded that it already had given Ross a significant reduction in the guidelines range and that, although a variance was warranted, it was not warranted to the extent of calculating the range on the basis of a one-to-one powder to crack ratio. Nevertheless, the Court imposed a sentence completely at odds with its stated intention, sentencing Ross to a one-day custodial term on count one and a consecutive custodial term of 60 months on count two. Of course, the sentence that the Court imposed was far more advantageous to Ross than what his sentence would have been if the Court had granted him the benefit of a sentence based on a one-to-one powder to crack cocaine ratio, as Ross requested.

The government immediately concluded that the District Court had misapprehended the sentencing guidelines and reacted by filing its motion to correct Ross's sentence. Ross then responded to the government's motion by filing his motion to

4

strike the government's motion. On February 3, 2010, the Court granted the

government's motion and explained its reason for doing so as follows:

> From the sentencing recommendation submitted by the
> Probation Officer, the Court was of the opinion that the
> guideline range expressed in ¶ 64 of the presentence report,
> 100 to 125 months, was a composite guideline range that
> combined the guideline range applicable to Count I with the
> 60 month mandatory minimum associated with Count II.
> Utilizing what we erroneously thought was a composite level,
> we then reduced it to 77 months to 96 months after we
> granted the Defendant a two-level downward departure in
> criminal history category pursuant to the overstatement
> provision contained in U.S.S.G. § 4A1.3(b)(1).
> Consequently, at the time of sentencing, we were under the
> impression that the 77 month to 96 month range established
> in our January 25, 2010 Order . . . reflected an aggregated
> calculation of the respective ranges associated with Counts I
> and II. We sentenced the Defendant accordingly, proceeding
> under the theory that our sentence of 60 months and one day
> represented an approximate 17 month to 36 month variance
> from the guideline range.
>
> * * *
>
> Therefore, while we initially intended to grant
> Defendant an approximate 17 month to 36 month variance in
> light of the crack/powder cocaine disparity, by sentencing
> Defendant to a term of 60 months and 1 day, we effectively
> afforded him an approximate 77 month to 96 month variance
> on Count I. This was not at all our intent, and we cannot
> justify such an extreme variance given the factors expressed
> in 18 U.S.C. § 3553(a). Accordingly, we believe that justice
> dictates that we vacate the sentence imposed on this date and
> convene a future proceeding during which we resentence the
> Defendant.

App. at 134-36.

The Court then went on to explain why Rule 35 was applicable:

5

> In this case, we believe that we committed either a technical error or a clear error in fashioning a sentence that did not adequately or appropriately reflect the advisory guideline range associated with Count 1. If we failed to correct this misstep and the Government elected to appeal we would certainly be confronted with resentencing the Defendant on remand from the Third Circuit. Accordingly, we believe the procedure we are undertaking is wholly proper and appropriate pursuant to the dictates of Rule 35.

App. at 136 n.3.

At the February 12, 2010 sentencing hearing the District Court again noted that it had made an error when it imposed Ross's original sentence. Then, after a comprehensive proceeding at which it fully entertained Ross's contentions, the Court imposed consecutive custodial sentences of 30 months on count one and 60 months on count two, to be followed by concurrent three-year terms of supervised release.[3] When imposing this 90-month custodial sentence the Court noted that the sentence reflected a variance based on the sentencing disparity between crack and powder cocaine. Ross then appealed.

Rule 35(a), which is implicated on this appeal, provides that a court may correct a sentence "[w]ithin 14 days after sentencing, . . . [if the] sentence . . . resulted from arithmetical, technical, or other clear error." Inasmuch as the District Court imposed the original sentence on Ross on the basis of its erroneous sentencing guidelines calculation, we are satisfied that the Court appropriately relied on Rule 35(a) to order resentencing.

---

[3] The District Court also imposed a special assessment but we are not concerned with it on this appeal.

6

After all, it is obvious from what the Court said and did on February 2, 2010, that it made a "clear error" when it imposed the sentence on that day.

We think that it is beyond doubt that if the District Court had adhered to the sentence it originally imposed, in the likely event that the government had appealed we would have vacated the sentence and remanded the case for resentencing because the Court imposed the original sentence on the basis of its fundamental miscalculation of how it was granting a variance. We also point out that if the District Court could have imposed a one-day sentence on count one to be followed by a 60-month mandatory sentence on count two, in effect the Court would have nullified the mandatory consecutive aspect of the 60-month sentence on count two for Congress surely intended that a mandatory consecutive sentence follow a sentence of more than nominal length. As a practical matter, a 60-month sentence to run consecutively to a one-day sentence is consecutive to hardly anything and thus, rather than being consecutive to a sentence on another count or counts, it is a substitute for the sentence on the other count or counts.

Here, as the District Court acknowledged, it made its error because it erroneously thought that the guideline range that the pretrial report set forth was a composite range based on both counts one and two, a misunderstanding that led it to believe that it was granting a variance from the guidelines sentencing range on both counts. Of course, inasmuch as the range subject to the possibility of a variance was calculated only on count one, the variance was only from the range on that count and, contrary to its intention, the Court essentially wiped out the sentence on count one.

7

The procedure to be followed on sentencing begins with the Court making a correct calculation of the applicable sentencing guidelines. See United States v. Wise, 515 F.3d 207, 216 (3d Cir. 2008) ("[A] district court must begin the process by correctly calculating the applicable Guidelines range."); United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006) (stating that "[c]ourts must continue to calculate a defendant's Guidelines sentence precisely"). Furthermore, the Supreme Court has made it clear that courts of appeals "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 597 (2007). Although the sentencing guidelines are no longer mandatory, the change in the force of the guidelines from mandatory to advisory "does not render optional [18 U.S.C.] § 3553(a)(4)'s direction to consider the Guidelines that are in effect on the date of the sentencing." Wise, 515 F.3d at 220. Thus, we have explained:

> Not for jurisdictional reasons, but rather because the Guidelines still play an integral role in criminal sentencing, we require that the entirety of the Guidelines calculation be done correctly, including rulings on Guidelines departures. Put another way, district courts must still calculate what the proper Guidelines sentencing range is, otherwise, the Guidelines cannot be considered properly . . . . The scenario is simple: error entering this sentencing step may presage the sentence ultimately set.

United States v. Jackson, 467 F.3d 834, 838-39 (3d Cir. 2006) (internal citations and quotations omitted).

Beyond any doubt the District Court made a clear error when it originally misinterpreted the presentence investigation report as it believed that it was granting a

8

sentencing guideline variance of 17 to 36 months, rather than the 77 to 96 months variance that it granted. The Court was right to correct its error by vacating the original sentence and resentencing Ross.

For the foregoing reasons we will affirm the judgment of conviction and sentence entered February 12, 2010.