# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2011

Lyle W. Cayce
Clerk

No. 10-30166
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT THOMPSON, also known as John Lawson,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:07-CR-109-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Robert Thompson pleaded guilty and was sentenced to imprisonment to be served consecutively with his state sentence. He appeals the initial federal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30166

sentence and the decision to modify it to run concurrently with his state sentence. We affirm in part and vacate in part, concluding that Thompson's challenge to the initial sentence is barred by his appeal waiver but that the district court did not have the authority to modify the sentence.

I.

Pursuant to a plea agreement, Thompson pleaded guilty to one count of conspiracy to commit wire fraud and obstruct justice; seven counts of wire fraud; one count of conspiracy to commit wire fraud, mail fraud, and money laundering; one count of mail fraud; one count of honest services mail fraud; one count of money laundering; four counts of access device fraud; two counts of aggravated identity theft; one count of computer fraud; one count of bank fraud; and one count of obstruction of justice. The charges stemmed from Thompson's use and possession, while in state prison, of the financial information of over fifty-five individuals and businesses.

The plea agreement included a waiver of Thompson's right to appeal his conviction and sentence on direct appeal or in any post-conviction proceeding. The waiver allowed Thompson to appeal any punishment that is (1) imposed in excess of the statutory maximum, (2) an upward departure pursuant to the sentencing guidelines, or (3) above the guideline range calculated by the district court.

The district court found that all the offenses except the two aggravated-identity-theft counts should be grouped together under the guidelines. With an offense level of 45 and a criminal history category of VI, the guideline calculation was life imprisonment. That included a 22-level increase because the intended loss was more than $20 million but less than $50 million. Thompson objected to the increase, arguing that the $20-50 range "grossly overstated" the intended loss, but the district court overruled his objection.

No. 10-30166

The two aggravated-identity-theft counts carried a mandatory sentence of two years, to be served concurrently with each other but consecutively to any other sentence. Because the guideline range of life imprisonment, plus two years, exceeded the statutory maximum, the court had to impose consecutive sentences to the extent necessary to achieve the guideline range. The sum of the statutory maximum sentences for all the offenses was 309 years, which the court imposed, to be served consecutively to any other sentence that Thompson was then serving.

More than a month after the sentencing hearing, the government moved to amend the sentence so that the federal sentence would run concurrently with the existing state sentence. The government's stated rationale was that the amendment would better allow Thompson to be placed immediately in federal custody—and that all the relevant agencies, state and federal, believe he is best suited for a specialized federal facility, given the unique security concerns that his circumstance raises.

The district court granted the government's motion one day after it was filed. Five days later, Thompson filed an objection to the motion, requested a hearing, and moved to set aside the order granting the motion. The district court denied Thompson's requests. On appeal, Thompson argues that the court erred in determining the intended loss and that the court should not have amended the sentence.

II.

We first address whether Thompson's appeal is barred by the appeal waiver in his plea agreement. We must decide whether the waiver was knowing and voluntary and applies to the circumstances at hand. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). On appeal, Thompson does not claim that the plea agreement was unknowing or involuntary but contends the waiver does not

No. 10-30166

apply to the issues on appeal.

## A.

Thompson's challenge to the intended loss amount is barred by his appeal waiver, because it plainly does not fall into any of three exceptions in the plea agreement:  The sentence is not in excess of the statutory maximum, is not an upward departure under the guidelines, and is not above the guideline range calculated by the district court.  Thompson is not arguing that the court imposed a punishment above the calculated range; rather, he is challenging the method by which the court calculated the range, something he expressly waived in his plea agreement.

Thompson attempts to evade the appeal waiver by arguing that the decision to impose consecutive sentences for all twenty-one offenses constituted an upward departure.  Even assuming, *arguendo*, that that argument has merit, Thompson's challenge to the loss-amount determination would still be barred. An appellant cannot use one valid, specific exception to an appeal waiver to interject other arguments that would be otherwise barred by the waiver.  The only thing Thompson can challenge under this argument is the decision to impose consecutive sentences.

## B.

Thompson's challenge to the order modifying his initial sentence is not barred by the appeal waiver.  As a technical matter,  Thompson is not challenging the sentence.  Rather, he is appealing the district court's exercise of its authority, under 18 U.S.C. § 3582(c) and Rule 35(a) of the Federal Rules of Criminal Procedure, to modify a previously imposed sentence.  It is true that a successful challenge to the court's ability to exercise that authority would lead to vacating the new sentence, but the appeal itself is a challenge to something other than

the sentence that was imposed. Thus, the appeal waiver, which only bars a challenge to the conviction or sentence, is not applicable. Furthermore, for reasons we explain in part III, the district court acted beyond its statutory authority when it issued its order modifying the initial sentence.

## III.

Once a sentence is imposed, the sentencing court's authority to modify it is circumscribed, *see United States v. Addonizio*, 442 U.S. 178, 189 (1979), and the district court did not have the statutory authority to modify Thompson's sentence. Under 18 U.S.C. § 3582(c), there are only three methods by which a district court can modify a previously imposed sentence. Of those three, only one is applicable here: "[T]he court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B).

Rule 35 allows a court to change a sentence for two reasons: (1) "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error"; and (2) "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." FED. R. CRIM. P. 35. "Whether the district court had authority to resentence a defendant pursuant to Rule 35(a) is a question of law that we review de novo." *United States v. Ross*, 557 F.3d 237 (5th Cir. 2009).

Neither rationale is applicable here. The court issued its order more than fourteen days after sentencing, and the order did not result from the defendant's providing substantial assistance in investigating or prosecuting another person.

The government claims, however, that the amendment was issued pursuant to Rule 35(a), which allows a court to correct a sentence for clear error. Even assuming the government can show that the initial sentence contained clear er-

No. 10-30166

ror (which is highly doubtful), it is irrelevant, because Rule 35(a) allows for clear-error corrections only if made within fourteen days.  The government has not claimed the fourteen-day restriction is somehow inapplicable in this case,[1] and it is plain that an extension of time is not an option.[2]

Furthermore, the error is jurisdictional and hence not subject to harmless-error review.[3]  Thus, the district court did not have jurisdiction to modify the sentence outside the narrow exceptions allowed by the statute and Rule 35, none of which is applicable.

The original sentence is AFFIRMED.  The order modifying that sentence is VACATED.  This matter is REMANDED for any further proceedings that might be necessary in light of our decision.

---

[1] The government curiously omits any reference to the fourteen-day limit, stating only that "[u]nder Fed. R. Crim. P. 35(a), a court may correct a sentence that resulted from arithmetical, technical, or other clear error."

[2] *See* FED. R. CRIM. P. 45(b)(2) ("The court may not extend the time to take any action under Rule 35, except as stated in that rule.").

[3] *See Addonizio*, 442 U.S. at 189 (stating that the time period in an earlier iteration of Rule 35 was a "jurisdictional" limitation).