# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2019

Lyle W. Cayce
Clerk

No. 18-10612
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALCADIO CABALLERO DE LA TORRE, also known as "Coochi",

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-194-3

Before STEWART, Chief Judge, and OWEN and OLDHAM, Circuit Judges.
PER CURIAM:[*]

Alcadio Caballero De La Torre appeals the sentence imposed following his guilty plea conviction of conspiracy to possess with intent to distribute a controlled substance.  First, he argues that the 151-month sentence imposed by the district court is substantively unreasonable.  Because he objected to the substantive reasonableness of the sentence in the district court, he preserved

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10612

the issue for appellate review.  See *United States v. Powell*, 732 F.3d 361, 381 (5th Cir. 2013).

The district court considered the Presentence Report (PSR), the advisory guidelines range, the 18 U.S.C. § 3553(a) factors, the statements of Caballero De La Torre's sister and mother, defense counsel's arguments and exhibits concerning data prepared by the Sentencing Commission, Caballero De La Torre's allocution, and his lack of criminal history.  The court ultimately determined that a sentence at the bottom of the advisory guidelines range was appropriate.  Caballero De La Torre has not shown that the district court failed to consider a factor that should have been given significant weight.  *See United States v. Simpson*, 796 F.3d 548, 558 (5th Cir. 2015).  He has failed also to show that the district court gave too much weight to the Sentencing Guidelines.  *See, e.g., Gall v. United States*, 552 U.S. 38, 49-50 (2007) (stating that the district court must first correctly calculate the advisory guidelines range under the Sentencing Guidelines).  Caballero De La Torre has not shown that the district court made a clear error of judgment in weighing the § 3553(a) factors.  *See Simpson*, 796 F.3d at 558.  His disagreement with the district court's weighing of the sentencing factors is insufficient to rebut the presumption of reasonableness that is applicable to within-guidelines sentences.  *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008).  Therefore, he has not shown that his sentence was substantively unreasonable.  *See Simpson*, 796 F.3d at 557-58.

Caballero De La Torre also asserts that the district court erred in imposing a four-year term of supervised release because he is a deportable alien. He did not object to the supervised release term at sentencing. However, he raised the issue in a Federal Rule of Criminal Procedure 35 motion filed after the judgment was entered.

2

A district court may correct a sentence imposed as a result of an arithmetical, technical, or other clear error within 14 days after the imposition of a sentence. FED. R. CRIM. P. 35. A district court may also correct a sentence on the motion of the Government to reflect a defendant's subsequent substantial assistance. Rule 35(b). However, Rule 35 does not allow a district court to reconsider the application of the Guidelines or to reconsider the appropriateness of the sentence. *United States v. Lopez*, 26 F.3d 512, 520-21 (5th Cir. 1994); *see also United States v. Ross*, 557 F.3d 237, 241-43 (5th Cir. 2009).

Caballero De La Torre could not raise this issue in a Rule 35 motion because it is not the type of error contemplated by Rule 35(a). *See Lopez*, 26 F.3d at 520-21; *Ross*, 557 F.3d at 241-43. Therefore, review is limited to plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To show plain error, he must show a forfeited error that is clear or obvious and that affected his substantial rights. *Id.* If he makes such a showing, this court has the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citations omitted).

The district court adopted the PSR, which expressly stated that the court ordinarily should not impose a term of supervised release on a defendant who is a deportable alien. *See* U.S.S.G. § 5D1.1(c). The district court also considered the § 3553(a) factors and made an individualized determination that the supervised release term would "provide an added measure of deterrence and protection based on the facts and circumstances of this case." This court has held that such an explanation is sufficient to uphold a supervised release term on plain error review. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 329-30 (5th Cir. 2012). Because the district court

considered the § 3553(a) factors and determined that the supervised release term would provide an added measure of deterrence, the district court's imposition of the four-year supervised release term was not plainly erroneous. *See id.* at 329-30.

AFFIRMED.