# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-10368

———————

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ivan Aguirre,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-259-1

_____

Before King, Smith, and Elrod, *Circuit Judges*.

Per Curiam:[*]

Defendant Ivan Aguirre participated in an investment conspiracy that defrauded dozens of victims and caused millions of dollars of loss. After Aguirre pleaded guilty to wire fraud, the district court sentenced him to forty-one months' incarceration and ordered him to pay $5,778,348.98 in restitution. On the Government's motion, the district court amended the sentence to add several victims, raising the total restitution amount to $6,125,737.98.

---

[*] This opinion is not designated for publication. See 5th Cir. R. 47.5.

No. 22-10368

On appeal, Aguirre objects to three defects in the sentence: that the Government failed to identify several of the victims; that the district court relied on a victim (O.W.) that Aguirre did not injure; and that the district court lacked jurisdiction to "correct" the sentence. The Government does not dispute the first two issues. It moves, without opposition, to remand the case to allow the district court to remove the unidentified victims and reconsider the term of incarceration. But it defends the amended restitution order and moves to dismiss the appeal as to that issue, arguing that Aguirre's appeal waiver bars him from challenging that component of the sentence.

Given the parties' agreement on Aguirre's first two objections, we GRANT the Government's motion to remand. We also conclude that the district court lacked jurisdiction to modify the restitution order to add more victims, and that Aguirre's appeal waiver does not prevent him from raising this argument. Accordingly, we REMAND the case for the district court to take the following three actions: (1) to remove the unidentified victims from the restitution order; (2) to consider the term of incarceration that Aguirre's conduct warrants without regard to victim O.W.; and (3) to remove the victims that were added with the amended sentence. We DENY the Government's motion to dismiss.

I

Aguirre's conviction arises out of a Ponzi scheme organized by Rudy Avila. In 2016, Avila began soliciting investments in illegitimate companies, diverting most of the funds for personal gain. Avila recruited Aguirre in September of 2019 to assist with the conspiracy. According to the Government, Aguirre's primary responsibility was to oversee the bank accounts where investors deposited their funds. Aguirre did this until January of 2021, at which point law enforcement discovered his role in the scheme. He proceeded to plead guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. As

No. 22-10368

part of the plea agreement, Aguirre waived his right to appeal.

At sentencing, much attention was given to a statement submitted by a victim identified pseudonymously as O.W. The statement explained that O.W. withdrew $40,000 from a retirement account to invest in the fraudulent scheme, that he could not afford medical treatment for his ailing wife as a result of losing his investment, and that the scheme had "shaken [his] faith in mankind." The district court expressly relied on the O.W. victim statement and read from it at length at the sentencing hearing. And when Aguirre requested a downward variance from the calculated sentence of forty-one months, the district court cited O.W.'s circumstances as a reason to decline to impose a lighter sentence.

It turned out, however, that O.W. was not actually injured by Aguirre. Rather, as the Government admits, "O.W.'s investments occurred prior to Aguirre's involvement in the scheme." Gov. Motion at 5. O.W. made payments to Avila's scheme in late 2016—well before Aguirre joined the conspiracy in September of 2019.

The district court also ordered Aguirre to pay restitution for the loss that his conduct caused various investment victims. The initial amount requested by the Government was $5,778.348.98. This included $212,600 for a victim listed as "Payor Details Not Provided" and $4,547 for a victim listed as "Payor Not Provided." At the sentencing hearing, the district court orally pronounced a restitution order in the amount of $5,778.348.98.

Eight days after the hearing, the Government moved to "correct" the sentence under Rule 35(a) of the Federal Rules of Criminal Procedure. It sought to add several victims (and their losses) to the restitution order. This modification was requested because the Government failed to submit evidence of the additional victims and their bank accounts. The district court granted the motion, increasing the total to $6,125,737.98.

No. 22-10368

Aguirre appealed, objecting to the inclusion of the unidentified victims, the reliance on O.W.'s victim statement, and the amendment of the sentence to add more victims. The Government concedes that the unidentified victims should be excluded from the restitution order and that the district court should not have considered O.W.'s victim statement when deciding what sentence to impose. It filed an unopposed motion to remand as to those two issues. At oral argument, the Government confirmed its intent to not enforce Aguirre's appeal waiver as to the unidentified victims and the O.W. victim statement. And it reiterated this position in a letter filed after argument: "[I]f this Court grants the government's motion [to remand], the government does not seek enforcement of the appellate waiver . . . ."

The Government does, however, seek to enforce the appeal waiver as to Aguirre's argument that the district court lacked jurisdiction to amend the sentence to add restitution victims. It moves to dismiss that component of the appeal. The motions to remand and to dismiss were carried with the case by the motions panel.

II

The parties agree that the case should be remanded for the district court to remove the unidentified victims from the sentence and to consider whether, accounting for the fact that O.W. was not a victim of Aguirre's conduct, it would impose a different term of incarceration. Aguirre does not oppose the motion to remand. And the Government confirmed on multiple occasions that it does not seek to enforce Aguirre's appeal waiver as to these issues. Accordingly, we GRANT the motion. We express no opinion whatsoever as to whether the district court should impose a different sentence in light of the changed circumstances.[1]

---

[1] The separate opinion dissents in part, agreeing that the Government consents to

No. 22-10368

### III

The remaining issues are whether the district court lacked jurisdiction to "correct" the sentence and whether Aguirre can lodge this objection notwithstanding his appeal waiver. Starting with the latter, we note that the right to appeal is statutory in nature and can be waived. *United States v. Meredith*, 52 F.4th 984, 986 (5th Cir. 2022). A criminal defendant is barred from raising an issue on appeal if: (1) the waiver is knowing and voluntary; and (2) it applies to the relevant circumstances "based on the plain language of the plea agreement." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).

We conclude that Aguirre's appeal waiver does not apply to his jurisdictional argument because that issue is not a challenge to his sentence; it is a challenge to the district court's modification of the sentence. Those objections are different in nature. *See United States v. Thompson*, 417 F. Appx. 429, 431 (5th Cir. 2011). One argues that the district court wrongfully imposed a particular sentence. The other contends that the district court lacked authority to modify that sentence. *Id.* The plain language of the plea agreement does not apply to the latter. Aguirre may therefore raise this issue despite his appeal waiver.[2]

---

remand on the unidentified-victims issue, but contending that the Government seeks to enforce the appeal waiver as to O.W.'s victim statement. *Post* at 11–13. We respectfully disagree with the partial dissenting opinion's read of the record. In particular, at oral argument the Government urged the court to remand on both issues, explaining that such an approach "would be the best course due to the irregularities in this case." Oral Argument Recording at 14:22–32. And the Government had good reason to make this concession. For it agreed—as should be obvious—that it would be unjust for a defendant to be sentenced based on conduct that he did not commit. *Id.* at 25:55–27:20. Moreover, the Government further confirmed that the parties agreed that the case should be remanded on the two issues, regardless of the result on the Rule 35 issue. *Id.* at 20:50–58. We are confident of the unopposed nature of these two issues given the admissions quoted above, other statements made at argument, and the Government's post-argument filing.

[2] The Government denies that Aguirre appeals the modification of his sentence,

According, we now consider whether the district court had jurisdiction to amend the restitution order. District courts have only limited authority to modify a sentence after it has been imposed. *Dillon v. United States*, 560 U.S. 817, 819 (2010). Rule 35 of the Federal Rules of Criminal Procedure specifies several circumstances in which a district court has such authority. Relevant here, within fourteen days after the sentence is pronounced, "the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). In light of this Rule, the dispositive question is whether the district court corrected "clear error" when it amended the restitution order to include several additional victims.

We have understood "clear error" in Rule 35(a) to mean the sort of error that is unsupportable on appeal:

> The narrow authority of the sentencing court to act under Rule 35(a) extends solely to "cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action."

*United States v. Olarte-Rojas*, 820 F.3d 798, 803–04 (5th Cir. 2016) (quoting Fed. R. Crim. P. 35, Advisory Committee Note). The Rule does not allow a district court to reconsider the "appropriateness of the sentence." *United States v. Lopez*, 26 F.3d 512, 519–20 (5th Cir. 1994). And particularly relevant here, we have held that a district court has authority to correct a restitution order only where the original order was unlawful. *See United States v. Owusu*,

---

pointing out that the notice of appeal was filed as to the amended final judgment, not the order granting the Rule 35(a) motion. That distinction is immaterial. It is appropriate to challenge a modification to a sentence via an appeal of the modified sentence. Indeed, the Government admits that "the deadline to appeal the correction" is "controlled by the date of the entry of the amended judgment." Gov. Br. at 13. And we have previously considered a challenge to a Rule 35(a) order when the defendant appealed the amended sentence itself. *See United States v. Owusu*, No. 20-50630, 2021 WL 3854769, at *2 (5th Cir. Aug. 27, 2021).

No. 20-50630, 2021 WL 3854769, at *4–5 (5th Cir. Aug. 27, 2021).

We conclude that the district court lacked jurisdiction to enter the amended sentence. That sentence does not correct an error; it merely adds victims that were not included before. In fact, it would have been error for the district court to award $6,125,737.98 in restitution based on the evidence that was presented to it at sentencing. The Government bears the burden to prove the amount of loss that the defendant caused, *see United States v. Kim*, 988 F.3d 803, 811 (5th Cir. 2021), and here it did not offer proof of the additional $347,389 in restitution until after the sentencing hearing. The district court did not commit an error when, on the record before it, it ordered restitution in the amount of $5,778.348.98. (The only exception is that the court *did* err by including restitution attributed to unidentified victims.) Because the change to the sentence did not "correct" a "clear error," the district court lacked jurisdiction to enter the amended sentence. *Lopez*, 26 F.3d at 520. We will therefore remand the sentence to the district court to remove the restitution victims that were added as part of the amended sentence.[3]

\*　　\*　　\*

For the reasons explained above, this case is REMANDED to the district court, with instructions that the court: (1) remove the unidentified

---

[3] The partial dissenting opinion would apply Aguirre's appeal waiver, distinguishing *Thompson* and maintaining that we should not "second-guess[]" the district court's decision to add restitution victims after the initial judgment. *Post* at 10. With respect, we see no significant difference between this case and *Thompson*. As the partial dissenting opinion agrees, an order "[t]hat is outside the authority granted by Rule 35" may be challenged despite an appeal waiver. *Id.* That rule applies with equal force here, where the district court purported to correct something that was not actually clear error. As explained above, a district court has power to amend a sentence only if the amendment corrects a clear error. Rather than creating a right to appeal where none exists, our holding merely applies *Thompson* to safeguard jurisdictional limits.

No. 22-10368

victims from the restitution order; (2) consider the term of incarceration that Aguirre's conduct warrants without regard to victim O.W.; and (3) remove the victims that were added in connection with the amended sentence.

The Government's unopposed motion to remand—as to the unidentified victims and O.W.'s victim statement—is GRANTED. Its motion to dismiss—as to the restitution victims that were added to the "corrected" sentence—is DENIED.

No. 22-10368

JERRY E. SMITH, *Circuit Judge*, dissenting:

Ivan Aguirre entered into a plea agreement. As part of the deal, he knowingly and voluntarily waived his right to appeal his sentence and restitution order in exchange for the government's promise not to bring any additional charges for the conduct underlying the guilty plea.[4] Undeterred by his promise, however, Aguirre appealed anyway, contending that the district court erred in (1) including unidentified victims in his restitution order, (2) relying on O.W.'s victim impact statement when O.W. was not a victim of Aguirre's crimes, and (3) adding additional victims to Aguirre's restitution order via a Rule 35(a) motion.

Because the government has not invoked the appeal waiver with respect to Aguirre's first claim, I agree with the majority that we should reverse and remand as to that claim. But we should hold Aguirre to his word on the two other claims and enforce his appeal waiver. I therefore respectfully dissent: These claims are barred.

I.

I begin with Aguirre's challenge to the district court's amendment of his restitution order via the government's Rule 35(a) motion. The govern-

_____

[4] Aguirre's plea agreement stated that he

> waives [his] rights . . . to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine, and order of restitution or forfeiture in any collateral proceeding . . . . The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

ment has invoked Aguirre's appeal waiver on that claim. Aguirre and the majority reason that the waiver does not block the claim because it can be framed as a challenge to "the district court's modification of the sentence" as distinguished from a challenge to the sentence itself. They pin their analysis on an extension of the unpublished case *United States v. Thompson*, 417 F. App'x 429 (5th Cir. 2011).

But *Thompson* cannot stretch so far. I authored *Thompson*, where the district court exceeded the time limits imposed by Federal Rule of Criminal Procedure Rule 35(a). That rule grants the court the power to "correct a sentence that resulted from arithmetical, technical, or other clear error" when done "[w]ithin 14 days after sentencing." The district court entered the judgment more than 14 days after sentencing. That is outside the authority granted by Rule 35(a); therefore, Thompson's challenge could be construed as an attack on the district court's authority.

Whether a sentence was amended within 14 days is a black-and-white issue. On the other hand, whether an error is "clear," meaning substantively the type that can be amended via a Rule 35(a) motion, is not. Such an analysis involves second-guessing the district court's judgment regarding the calculation of Aguirre's sentence and restitution order. The majority's opinion makes that clear: To determine whether the district court's amendment was within the substantive bounds of Rule 35(a), we ask whether the corrected error would have been "unsupportable on appeal" (citing *United States v. Olarte-Rojas*, 820 F.3d 798, 803–04 (5th Cir. 2016)).

The majority's analysis runs headlong into the specific right that Aguirre waived: the ability to appeal the way the district court calculated his sentence and restitution order. A criminal defendant should not be able to appeal how his sentence was calculated just because the court entered it per a Rule 35(a) motion instead of in the original final judgment. The majority's

holding creates another "appeal-authorizing escape hatch." *United States Meredith*, 52 F.4th 984, 987 (5th Cir. 2022); *see also United States v. Bond*, 414 F.3d 542, 545–46 (5th Cir. 2005).

The holding of *Thompson* should be limited to its unusual facts—when a defendant contends that the district court has acted under Rule 35(a) more than 14 days after sentencing, the defendant may appeal that action, despite an appeal waiver. But Aguirre asks us to review whether the district court's original sentencing calculation involved "clear error" under Rule 35(a). Such a contention goes to the heart of what Aguirre's appeal waiver barred. He should be held to that bargain.

## II.

I also disagree with the majority that "[t]he Government confirmed on multiple occasions that it does not seek to enforce Aguirre's appeal waiver" regarding the district court's reliance on O.W.'s victim statement. The government initially submitted a motion conceding that O.W. was not a victim of Aguirre's and asking the motions panel to "remand this case with instructions for the district court to determine whether it would have imposed the same sentence despite this information or whether it would have imposed a lower sentence."[5]

Instead of granting the motion, the motions panel carried it with the case. By the time the government submitted its merits brief, the government had changed its position: The merits brief explicitly invoked Aguirre's appeal waiver on the claim involving O.W.

Appeal waivers are considered waived if not invoked by the govern-

---

[5] The request was part of a "combined motion" asking the panel to (1) remand the unidentified victims claim, (2) remand the claim regarding O.W., and (3) dismiss the Rule 35(a) claim as barred by Aguirre's appeal waiver.

ment, *United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006), and the majority claims that although the government specifically invoked Aguirre's appeal waiver in its merits' brief, it waived it again at oral argument (and in a subsequent letter). I respectfully disagree.

At no point in oral argument or in its subsequent letter did the government explicitly waive its earlier invocation of the appeal waiver. Instead, its letter stated that, if we do not grant the government's motion, it

> seek[s] enforcement of the appellate waiver as to Aguirre's claim involving O.W. [and] it is not aware of any case that would prevent this Court from enforcing the appellate waiver as to the O.W. claim based solely on the fact that the government remains willing to forego application of that waiver to the extent the Court grants its negotiated motion.

That is far from an explicit abandonment of the government's prior invocation. The more natural reading of its position is that if we choose not to grant its negotiated motion in full (which, remember, asked us to affirm the Rule 35(a) issue), then it retains its invocation of the appeal waiver.[6]

Because the majority has not affirmed the district court on the Rule 35(a) issue, it has not accepted the government's motion. I therefore would hold that the government is deemed to have invoked the appeal waiver.

The waiver applies to Aguirre's claim and allows appeals of his sentence only if it exceeds the statutory maximum.[7] We have interpreted that exception to apply when "the district court exceeds 'the upper limit of pun-

---

[6] The government stated, "if this Court grants the government's motion, the government does not seek enforcement of the appellate waiver as to the O.W. claim . . . . However, to the extent this Court denies that motion, the government does seek enforcement of the appellate waiver."

[7] The other exceptions to his appeal waiver (arithmetic errors, ineffective assistance of counsel, and involuntary or unknowing waiver) are not at issue here.

ishment that Congress has legislatively specified for violations of a statute' — *not* when the sentencing judge commits any error under the sentencing statute." *Meredith*, 52 F.4th at 987. Although the district court may have erred in relying on O.W.'s statement, the resulting sentence did not exceed the upper limit of punishment that Congress specified. In fact, the judge granted a downward departure from the guidelines and a sentence at the bottom of that range. Thus, Aguirre's waiver applies and bars our consideration of the issue.

\* \* \* \* \*

Aguirre signed an agreement giving up his right to appeal his sentence or amount of restitution. The government invoked that agreement for two of Aguirre's claims. Aguirre should be held to his bargain. I therefore respectfully dissent from the well-intentioned decision of the majority.