# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-31126

————

United States Court of Appeals
Fifth Circuit

**FILED**

November 16, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

THOMAS HANKTON, also known as Squirt Hankton,

Defendant - Appellant

Consolidated with 16-31144

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DERRICK SMOTHERS, also known as Dump Smothers,

Defendant  - Appellant

Consolidated with 16-31152

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TERRELL SMOTHERS,

Defendant - Appellant

No. 16-31126 c/w Nos. 16-31144, 16-31152

---

Appeals from the United States District Court
for the Eastern District of Louisiana

---

Before CLEMENT, PRADO, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

When Derrick Smothers, Terrell Smothers,[1] and Thomas Hankton (collectively, "Defendants") were originally sentenced, each received a sentence reduction for previously serving time on related state charges. Thirteen days after sentencing, the Government requested that the district court "correct" their sentences under Federal Rule of Criminal Procedure 35(a) to eliminate those reductions. Because Rule 35(a) may be invoked only "[w]ithin 14 days after sentencing," the district court had only a day to consider an issue that one Bureau of Prisons ("BOP") attorney labeled "probably the single most confusing and least understood federal sentencing issue."[2] Relying on errant analysis in the Government's briefing, the district court concluded the sentences were "clear error" under Rule 35(a) and "corrected" them to remove the reductions for time served.

We hold that Defendants' initial sentences were not "clear error" correctable under Rule 35(a). Consequently, we VACATE the order correcting their sentences and REINSTATE the original judgments. We also REMAND for the limited purpose of directing the district court to conform Terrell's written judgment to the oral pronouncement of his sentence.

---

[1] For clarity, Derrick and Terrell Smothers will be referred to by their first names.

[2] *See* HENRY J. SADOWSKI, FED. BUREAU OF PRISONS, INTERACTION OF FEDERAL AND STATE SENTENCES WHEN THE FEDERAL DEFENDANT IS UNDER STATE PRIMARY JURISDICTION at 1 (2011), https://www.bop.gov/resources/pdfs/ifss.pdf.

No. 16-31126 c/w Nos. 16-31144, 16-31152

## I.    Background

Defendants all pleaded guilty to being involved in a criminal organization as well as various other crimes.  The exact details of the conspiracy and the nature of the crimes charged are mostly irrelevant to the legal issue before us now.   Instead, these appeals center on the fact that each Defendant previously served time in prison for convictions relating to their federal convictions, a fact the Government does not contest.  At sentencing, the district court reduced each of Defendants' sentences to reflect their previous time served.

The Government objected to only Hankton's reduction and on only one narrow ground.  Hankton had been convicted on three separate counts.  The Government contended that his previous time served should apply to only two of the three counts of conviction.  The district court sustained the objection, and Hankton does not appeal that ruling.  The Government made no other objections at the sentencing hearing to Defendants receiving reductions for previous time served.

Thirteen days later, the Government backtracked.  It filed a motion to "correct" Defendants' sentences under Federal Rule of Criminal Procedure 35(a).  The government argued that under *United States v. Wilson*, 503 U.S. 329 (1992), "the Attorney General has sole responsibility for calculating the term of imprisonment, including any credit for prior custody."  It also argued that Defendants were ineligible for sentencing adjustments under United States Sentencing Guideline Manual ("U.S.S.G.") § 5G1.3(b) (U.S. SENTENCING COMM'N 2016), because their terms were not undischarged.[3]   Hankton's sentence, the Government argued, also violated his plea agreement which

---

[3] An "undischarged term" is a sentence that is not yet complete; a "discharged term" is one that is complete.

3

No. 16-31126 c/w Nos. 16-31144, 16-31152

included a stipulated sentence under Federal Rule of Criminal Procedure Rule 11(c)(1)(C).

Because Rule 35(a) requires that any correction occur within 14 days, the district court and Defendants had to work at breakneck speed. The district court ordered Defendants and the United States Office of Probation and Pretrial Services to submit any responses to the Government's motion by noon the next day. Terrell, Hankton, and Probation all submitted responses, and the Government replied with just hours left on the Rule 35(a) deadline.

Under this extreme time pressure, the district court granted the Government's motion. It concluded that § 5G1.3(b) did not apply "because [the recommendation] seeks credit for a fully discharged conviction. U.S.S.G. § 5G1.3(b) provides that a district court may effect a downward departure for an undischarged sentence but does not provide for a downward departure for a discharged sentence." *See United States v. Hankton*, No. 2:12-cr-1-7, slip op. at 3 (E.D. La. Oct. 26, 2016) (alteration in original) (quoting *United States v. Carpenter*, No. 08-4496, 2009 WL 4981682, at *5 (6th Cir. Dec. 22, 2009)). The district court noted that under binding precedent "only the Attorney General, acting through the Bureau of Prisons, has authority to grant credit for time served under [18 U.S.C. § 3585]." *Id.* at 4 (citing *Wilson*, 503 U.S. at 334–35). As a result, the court amended Defendants' sentences to remove any reference to "credit for time served."

Defendants appealed, each challenging the district court's "correction" of his sentence.

## II.     Standard of Review

"Whether the district court had authority to resentence a defendant pursuant to Rule 35(a) is a question of law that we review de novo." *United States v. Ross*, 557 F.3d 237, 239 (5th Cir. 2009).

4

No. 16-31126 c/w Nos. 16-31144, 16-31152

## III.    Discussion

### A. Rule 35(a) Standard

We first examine a threshold issue in this case: what types of errors may be corrected through Federal Rule of Criminal Procedure 35(a)?  Rule 35(a) is short: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  FED. R. CRIM. P. 35(a).  For a court to invoke Rule 35(a), the original sentence must suffer from some error that is "obvious."  *See United States v. Lopez*, 26 F.3d 512, 519–20 (5th Cir. 1994) (per curiam).[4]  The subdivision "is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence."  *Id.* at 520 (quoting FED. R. CRIM. P. 35 advisory committee's note to 1991 amendments); *see also United States v. Bridges*, 116 F.3d 1110, 1112–13 (5th Cir. 1997) (reversing the district court's modification of a sentence when it stemmed from "disagreement with the Sentencing Guidelines"); *Lopez*, 26 F.3d at 520 ("The judge stated at resentencing that it was a 'mistake' to have credited Lopez with a downward departure based on the erroneous assumption that Lopez would cooperate and testify for the government. But this is not an error within the contemplation of Rule 35[(a)].").  The rule extends to "errors which would almost certainly result in a remand of the case to the trial court for further action . . . ."  *Lopez*, 26 F.3d at 520 (quoting FED. R. CRIM. P. 35 advisory committee's note to 1991 amendments).  Consequently, we have affirmed corrections under Rule 35(a) for only the most uncontroversial errors.  *See, e.g., United States v. Sanchez-*

---

[4] The advisory committee's note and much of the case law interprets former Rule 35(c), the predecessor to present Rule 35(a).  No substantive changes were made when the rule was relocated from paragraph (c) to paragraph (a), other than a 2009 amendment lengthening the amount of time a district court has to correct errors.  *See* FED. R. CRIM. P. 35 advisory committee's notes to 2002 and 2009 amendments.

No. 16-31126 c/w Nos. 16-31144, 16-31152

*Villarreal*, 857 F.3d 714, 717–18 (5th Cir. 2017) (affirming because the district court's entire pronouncement indicated the defendant would receive a sentence at the high end of the Guidelines range, but the district court "misspoke" and set a term of imprisonment significantly below the Guidelines range); *United States v. Olarte-Rojas*, 820 F.3d 798, 803–06 (5th Cir. 2016) (affirming a correction when a district court mistakenly used the wrong number in a Guidelines provision), *cert. denied*, 137 S. Ct. 232 (2016).

Beyond these established but general principles, the boundaries of Rule 35(a), including whether "legal errors" even fall within its reach, are less clear. *See Ross*, 557 F.3d at 239 (declining "to demarcate the outer boundaries of 'other clear error' within the meaning of Rule 35(a)"). Various courts have suggested that the "clear error" standard should mirror the "plain error" standard,[5] although no court of appeals has explicitly adopted that standard. *See, e.g., Ross*, 557 F.3d at 242 ("The argument could be made that since reversal of sentences on appeal for other than procedural error now rests on unreasonableness, 'clear error' in Rule 35(a) can now encompass essentially the equivalent of 'plain error.'"). Given that the error correction effort occurs before the original trial court (albeit late), one could argue that only the first two prongs should apply (an error that is "obvious," i.e., not subject to reasonable dispute).

---

[5] "The Supreme Court has identified four requirements for reversing a trial court based upon plain error review: (1) 'there must be an error or defect—some sort of [d]eviation from a legal rule—that has not been intentionally relinquished or abandoned'; (2) 'the legal error must be clear or obvious, rather than subject to reasonable dispute'; (3) 'the error must have affected the appellant's substantial rights'; and (4) 'if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error—discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc) (alterations in the original) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

No. 16-31126 c/w Nos. 16-31144, 16-31152

We conclude that it is unnecessary to fully resolve the outer boundaries of Rule 35(a) in this case.  Under any of the above tests, none of the Government's justifications for the Rule 35(a) order come close to the rule's reach.  First, the Government's primary argument contradicts the accepted principle that a district court may not use Rule 35(a) "to reconsider the application or interpretation of the sentencing guidelines."  *Lopez*, 26 F.3d at 520 (quoting FED. R. CRIM. P. 35 advisory committee's note to 1991 amendments).  Second, even using the standard most favorable to the Government here, any alleged errors were not "clear."  Assuming arguendo that a district court can correct legal errors under Rule 35(a), those errors would have to at least satisfy the second prong of plain error review.  But, as discussed below, the Government's position rests on arguments to which this court has not spoken and which have divided other circuit courts. Such "errors" are not "clear."  *Cf. United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007) ("Because this circuit's law remains unsettled and the other federal circuits have reached divergent conclusions on this issue . . . [defendant] cannot satisfy the second prong of the plain error test-that the error be clear under existing law.").

**B. Derrick's Sentence**

We begin by assessing Derrick's sentence because his is the most straight-forward case.[6]  Derrick pleaded guilty without stipulating to a specific sentence.  The district court sentenced Derrick to 235 months but reduced his sentence by 67 months.  The Government argues that Derrick did not qualify for a sentence reduction under the relevant Guidelines and, therefore, the district court exceeded its authority at sentencing.  We disagree that Rule 35(a)

---

[6] The arguments regarding Derrick's sentence are also levied against Terrell's and Hankton's sentences.  The analysis here applies equally to all Defendants.  Terrell's and Hankton's sentences include slight variations that will be addressed later.

7

can be used to correct the alleged error in this case.  Rule 35(a) cannot be used "to reconsider the application or interpretation of the sentencing guidelines." *Lopez*, 26 F.3d at 520 (quoting FED. R. CRIM. P. 35 advisory committee's note to 1991 amendments).  Even if it could be so used, the district court had authority to reduce Derrick's sentence based on previous time served.

We begin by explaining when a district court has authority to reduce a defendant's sentence for previous time served.  The Attorney General and the BOP are primarily responsible for ensuring that defendants receive credit for previous time served.  Under 18 U.S.C. § 3585(b), in some instances a defendant receives "credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences."  The Supreme Court has held that administration of § 3585(b) rests with the Executive Branch, essentially the BOP.  *See Wilson*, 503 U.S. at 334–35.  Thus, after a court sentences a defendant, the BOP receives the sentence and calculates a release date, incorporating factors like time previously served.  *See* BUREAU OF PRISONS, U.S. DEP'T OF JUSTICE, CPD 5880.28 CN-06, SENTENCE COMPUTATION MANUAL (CCA OF 1984) at 1-14A (1999).  These calculations administer the sentence, not alter it.

Sentencing courts, however, retain residual authority to reduce defendants' sentences based on previous time served related to their offenses.  U.S.S.G. § 5G1.3(b) permits a court to adjust a sentence if a defendant has served time on an undischarged term.  For the adjustment to apply, two criteria must be met: (1) the time previously served must have "resulted from another offense that is relevant conduct to the instant offense of conviction," and (2) the court must "determine[ ] that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons."  U.S.S.G. § 5G1.3(b).  The commentary to § 5G1.3(b) also cross-references § 5K2.23, which recommends nearly identical protection for discharged terms.  *See*

8

No. 16-31126 c/w Nos. 16-31144, 16-31152

U.S.S.G. § 5G1.3 cmt. n.5; *see also* U.S.S.G. § 5K2.23 (advising that a downward departure may be appropriate when the defendant (1) has completed serving a term of imprisonment and (2) if subsection (b) of § 5G1.3 would have been otherwise satisfied). The primary difference is that § 5K2.23 permits a court to downwardly depart, rather than adjust, the defendant's sentence. *See United States v. Gonzalez-Murillo*, 852 F.3d 1329, 1338–39 (11th Cir. 2017) (per curiam) (identifying differences).[7] But between §§ 5G1.3 and 5K2.23, courts have the authority to reduce a defendant's sentence for *any* previous time served on related charges whenever the BOP will not grant that credit.

The district court originally granted Derrick a sentence reduction for previous time served, a result the Sentencing Guidelines explicitly permit. Prompted by the Government's motion, the district court later used Rule 35(a) to conclude that U.S.S.G. § 5G1.3(b) did not apply because Derrick's previous time served was discharged rather than undischarged. The Government's motion was, at bottom, a request that the district court "reconsider the application or interpretation of the sentencing guidelines." *See Lopez*, 26 F.3d at 520 (quoting FED. R. CRIM. P. 35 advisory committee's note to 1991 amendments). Rule 35(a) does not give the district court power to "correct" that kind of "mistake."

But even assuming the district court had such power and that Derrick's previous term was discharged, the district court still had authority to reduce Derrick's sentence under U.S.S.G. § 5K2.23.[8] The record indicates that

---

[7] Section 5K2.23 is a policy statement, while § 5G1.3 is a guideline. The former is purely advisory, while district courts must consult the latter in calculating the defendant's Guidelines range. *See United States v. Headrick*, 963 F.2d 777, 780 (5th Cir. 1992).

[8] The district court did not specify in Derrick's original sentence whether it was reducing the sentence under § 5G1.3(b) or § 5K2.23.

9

Derrick satisfied the requirements for a sentence reduction.    First, his conviction that led to the previous time served was relevant offense conduct for his federal sentences.    Second, the BOP would not grant credit to him for previous time served.    Probation submitted a letter to the district court in response to the Government's motion to correct Defendants' sentences.    The letter stated that "a representative from the Bureau of Prisons Designation and Sentence Computation Center confirmed the Bureau of Prisons is unable to retroactively provide credit for state-level terms of imprisonment, related to the instant offense, which the defendant had previously served."    Derrick satisfied the requirements for a sentence reduction for previous time served under the Sentencing Guidelines (as opposed to receiving credit through the BOP's administrative process). So, contrary to the Government's argument, the district court had authority to reduce Derrick's sentence based on previous time served; at a minimum, it was not "obvious error" to do so.

The real error here occurred when the Government convinced the district court at the eleventh hour that the court was impinging on the BOP's authority.    Consequently, we vacate the district court's order "correcting" Derrick's sentence, and we reinstate the original judgment.

### C. Terrell's Sentence

Terrell's sentence is slightly different from Derrick's sentence, but we ultimately conclude that Terrell's original sentence did not suffer from the "obvious error" alleged by the Government in its motion.  Terrell was sentenced to 144 months which the district court then reduced by 54 months as credit for previous time served.  The resulting sentence—90 months—dropped Terrell's sentence below the statutory mandatory minimum for the drug offense that was one of his crimes of conviction.  *See* 21 U.S.C. § 841(b)(1)(A).    The Government did not argue this point in its original motion to the district court and the district court did not justify its Rule 35(a) order on the ground that

Terrell's sentence was below the mandatory minimum. Nonetheless, the Government argues that we may affirm on any basis in the record. *See United States v. McGee*, 460 F.3d 667, 669 n.3 (5th Cir. 2006).

Though we may affirm on an alternative basis, the decision to do so is discretionary, and we decline to do so here. *See EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 485 n.16 (5th Cir. 2014). First of all, the Government's argument does not support affirmance of a 144-month sentence, only arguably a 120-month sentence which was not imposed. So this rule, on its face, does not apply.

Further, the Government did not raise the mandatory-minimum issue below until its reply brief filed just hours before the fourteen-day deadline in Rule 35(a) expired. Terrell never had a chance to respond to that argument before the district court. Affirmance on that ground would unfairly punish him by eliminating *all* credit for previous time served. Had the district court addressed the issue, it may have reduced his sentence to the mandatory minimum, 24 months below what his sentence would be if we were simply to "affirm on an alternative ground." In light of these considerations, we elect not to address the Government's alleged alternative basis which was raised at the last minute in the district court without time for response. For this reason, we also do not address whether the mandatory minimum argument is correct under the circumstances of this case.

Because we conclude that Terrell's original sentence stands, we must also address another issue. Though the district court's oral pronouncement reduced Terrell's sentence, the written judgment made no reference to the reduction. For sentencing purposes, if an oral pronouncement and a written judgment conflict, the oral pronouncement prevails. *See United States v. Huor*, 852 F.3d 392, 404 (5th Cir. 2017) (citing *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001) (per curiam)). Terrell's written judgment conflicts with

the oral pronouncement because it does not include any reduction for previous time served.  Consequently, we remand for the limited purpose of conforming the written judgment to the oral pronouncement.

### D. Hankton's Sentence

Finally, Hankton's sentence was not clear or obvious error, though it includes a wrinkle that the other appeals do not. Hankton pleaded guilty pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which permits a defendant to conditionally plead guilty subject to the court accepting a stipulated sentence.  Hankton and the Government agreed that he should be sentenced to 25 years on the first two counts of conviction and 20 years on the third count of conviction, with both sentences running concurrently.   The district court accepted those stipulated sentences and then reduced the sentence for the first two counts of conviction by 127 months for previous time served.[9]   Even assuming that the Government has identified errors in Hankton's sentence and that Rule 35(a) may be used to correct legal errors, none of the alleged errors were "clear or obvious."

Before addressing the plea agreement's impact here, we note an additional reason why reducing Hankton's original sentence for previous time served was not clear error.  The Government argues that Hankton's sentence could not be sustained under § 5G1.3(b) because his sentence was discharged. As already explained, the district court was not permitted to reconsider application of a Guideline and could have granted the reduction under § 5K2.23.  But even setting that aside, the decision to apply § 5G1.3(b) was not clear error because it was not clear that Hankton's sentence was "discharged." At the time of sentencing, Hankton was still on parole for a state conviction in

---

[9] After sustaining an objection from the Government, the district court agreed not to apply the reduction to the third count of conviction.

No. 16-31126 c/w Nos. 16-31144, 16-31152

Louisiana. We have not addressed whether a defendant's previous term is "undischarged" if he is on parole. The Eighth Circuit, however, has held that a defendant on parole had an undischarged term because the state considered parolees in "legal custody." *See United States v. French*, 46 F.3d 710, 717 (8th Cir. 1995).[10] Though every other circuit to address whether parolees have "undischarged" terms has concluded that they do not, *see United States v. Pray*, 373 F.3d 358, 362 (3d Cir. 2004) (collecting authorities), the existence of a circuit split indicates this is not the type of error that is so clear that it would "almost certainly" be reversed, *cf. Salinas*, 480 F.3d at 759. In so concluding, of course, we do not decide the issue either way here, we note simply that its resolution is not "clear."

Similarly, the existence of the stipulated sentence in the plea agreement does not change the result because any error in deviating from it was not "clear." The district court alternatively justified its correction of Hankton's sentence on the grounds that it could not reduce a stipulated sentence in a plea agreement based on previous time served. But our court has not spoken to that issue and other courts of appeals have split on whether courts may apply § 5G1.3(b) after accepting a conditional plea agreement. *Compare United States v. Williams*, 260 F.3d 160, 165 (2d Cir. 2001) (holding that courts are "obligated to apply § 5G1.3(b) to [conditional plea agreements with stipulated sentences] that are mute" on the matter), *with United States v. Cervantes-Valencia*, 322 F.3d 1060, 1062 (9th Cir. 2003) ("Once the district court accepts a plea pursuant to [a conditional plea agreement with a stipulated sentence],

---

[10] "South Dakota law provides that 'Parolees shall at all times be considered confined, in the legal custody of the department of corrections . . . .'" *United States v. French*, 46 F.3d 710, 717 (8th Cir. 1995) (quoting S.D. Codified Laws Ann. § 24-15-13 (Supp. 1994)). Louisiana similarly considers its parolees to "remain in the legal custody" of the state. *See* La. Stat. Ann. § 15:574.7.

the court is bound  by the agreed-upon sentence.").  Again, we need not decide the issue on the merits to conclude that such an error would not be so "obvious" that it would "almost certainly" lead to reversal.  *See* FED. R. CRIM. P. 35 advisory committee's note to 1991 amendments; *cf. Salinas*, 480 F.3d at 759. Consequently, the district court did not have authority to correct Hankton's sentence on the grounds that it violated his plea agreement.  We thus vacate the order correcting Hankton's sentence and reinstate the original sentence.

## IV.    Conclusion

We VACATE the order correcting Defendants' sentences and REINSTATE the original judgments for each Defendant.  We also REMAND Terrell's case for the limited purpose of conforming the written judgment to the oral pronouncement of his sentence.