# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40183
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 11, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL ANGEL SANCHEZ, JR.,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-164-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Sanchez, Jr., pleaded guilty to possession with intent to distribute over 50 grams of methamphetamine in violation of 21 U.S.C. § 841 and was sentenced to 175 months of imprisonment and five years of supervised release. He argues that the district court failed to adequately explain the reasons for his sentence and for denying his request for a variance to 156 months. Sanchez further argues that his sentence is substantively

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unreasonable because the district court clearly erred in weighing the 18 U.S.C. § 3553(a) factors. He also contends that the district court failed to consider that his co-defendant received a sentence of 156 months, and that the district court failed to consider his minor role in the offense as a courier.

We review sentences for procedural and substantive reasonableness, in light of the § 3553(a) factors, under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). Because the record reveals no objection by Sanchez to the procedural or substantive reasonableness of the sentence, the plain error standard of review applies. *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009); *United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir. 2008).

The record demonstrates that the district court, after granting the Government's motion for a U.S.S.G. § 5K1.1 downward departure for substantial assistance, considered Sanchez's arguments for a further downward variance, and adequately explained the reasons for imposing the chosen sentence. It is apparent that the district court concluded, given the seriousness of the offense and Sanchez's propensity for recidivism, that the § 5K1.1 departure was sufficient and a further variance was not warranted. Sanchez had the opportunity to ask the court to further explain its reasons, and he failed to do so. Sanchez has not shown a clear or obvious procedural error concerning the district court's explanation of reasons. *See Puckett*, 556 U.S. at 135; *Lopez-Velasquez*, 526 F.3d at 806.

Regarding Sanchez's request for a mitigating role adjustment based on his courier status, which came two months after the district court pronounced the sentence, the district court did not err as it made clear that the second hearing was solely for the purpose of clarifying its reasons, and Sanchez offers no authority for the court to reconsider the application of the Sentencing

No. 17-40183

Guidelines.  *See, e.g., United States v. Hankton,* 875 F.3d 786, 790 (5th Cir. 2017); FED. R. CRIM. P. 35(a); FED. R. CRIM. P. 36.

The district court heard and considered the arguments of Sanchez's counsel concerning his reasons for requesting a variance from the guideline range.   The district court considered Sanchez's personal history and characteristics and the other statutory sentencing factors in § 3553(a), including his prior convictions, and his assistance to the Government, before imposing a sentence of 175 months, well below the original advisory guideline range of 262 to 327 months before the § 5K1.1 departure.  The district court also considered his co-defendant's sentence and Sanchez's role in the offense, noting that "he and his codefendant were bringing narcotics into the United States."  Sanchez's conclusory assertion that his co-defendant is similarly situated fails to show that an unwarranted disparity exists.  *See United States v. Guillermo Balleza,* 613 F.3d 432, 435 (5th Cir. 2010).

Sanchez's arguments constitute a mere disagreement with the weighing of the appropriate factors, which is insufficient.  *See Gall,* 552 U.S. at 51. Sanchez has not demonstrated that the district court plainly erred.  *See Puckett,* 556 U.S. at 134-35.  The judgment of the district court is AFFIRMED.