# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

—————

No. 17-40711
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

November 30, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee Cross-Appellant

v.

GILBERTO GARCIA, also known as Chicken Wing, also known as Wing, also
known as Ala,

Defendant-Appellant Cross-Appellee

—————————————

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-706-6

—————————————

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Gilberto Garcia and multiple codefendants were
charged with a violation of 18 U.S.C. § 1962(d), the Racketeer Influenced and
Corrupt Organizations Act, based on their roles with the Texas Mexikan Mafia
(TMM). He pleaded guilty to the offense and originally was sentenced within
the guidelines range to 240 months in prison. The district court later

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

reconvened the sentencing hearing, varied downwardly, and sentenced Garcia to 222 months in prison.

Garcia appeals his sentence.  The Government has filed a cross-appeal to contest the sentence imposed at resentencing.

Garcia argues that the district court wrongly calculated his base offense level under U.S.S.G. § 2D1.1 by finding that he was accountable for all of the drugs that TMM members distributed during the course of the conspiracy.  He maintains that the conduct of his coconspirators is not relevant conduct under U.S.S.G. § 1B1.3.  Our review is for clear error.  *United States v. Williams*, 610 F.3d 271, 292 (5th Cir. 2010).

The record supports that the drugs trafficked by Garcia's coconspirators were within the scope of the jointly undertaken criminal activity and plausibly foreseeable to him.  *See* § 1B1.3(a)(1)(B) & cmt. n.3(B).  Garcia, at least, was a ranking member of TMM, a criminal enterprise that has as an aim the distribution of drugs.  By joining TMM, he agreed, implicitly or otherwise, to be part of a larger drug-trafficking plan.  His own participation in TMM, which included a deal for a meaningful amount of heroin, supported that he assented to the broader enterprise.  *See* § 1B1.3(a)(1)(B) & cmt. n.3(B). Given his position, and his own conduct, Garcia fairly could discern the reach and scope of TMM and foresee the extent and degree to which his coconspirators engaged in drug trafficking.  *See United States v. Posada-Rios,* 158 F.3d 832, 882 (5th Cir. 1998); *United States v. Devine*, 934 F.2d 1325, 1338 (5th Cir. 1992).  Garcia was a TMM member throughout the charged conspiracy and, thus, reasonably could be found accountable for all of the drug quantities.  *See United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2006).

Garcia contends that the district court erred in assessing an adjustment under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon.  He notes

that he had no relationship with the TMM member from whom a firearm was seized and could not have foreseen that a gun would be possessed.

The district court did not commit clear error in assessing the adjustment. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764-65 (5th Cir. 2008). The record reflects that a coconspirator knowingly possessed a firearm during, and in connection to, activities related to the drug-distribution conspiracy. *See* § 2D1.1(b)(1); *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010). The coconspirator's possession of a gun was consistent with the aims of TMM, *see id.*, and it was reasonably foreseeable to Garcia that guns would be used as tools of the drug trade, *see United States v. Garza*, 118 F.3d 278, 286 (5th Cir. 1997). It is irrelevant that he may not have known about the gun or possessed it. *See Zapata-Lara*, 615 F.3d at 390; *Garza*, 118 F.3d at 285-86.

Garcia further contends that the district court incorrectly found that he occupied an aggravating role that merited an adjustment pursuant to U.S.S.G. § 3B1.1(b). He notes that his role in the gang was limited to helping two other TMM members complete a deal for heroin and that he did not have authority over any other members.

The conspiracy involved at least five participants or was extensive. *See* § 3B1.1(b); *United States v. Akins*, 746 F.3d 590, 609-10 (5th Cir. 2014). Also, the record plausibly supports that Garcia was a ranking member of TMM and exercised control over at least one member based on his position; his position in TMM translated to a managerial role in the conspiracy given that a primary goal of the gang was drug distribution. *See* § 3B1.1 & cmt. n.2; *United States v. Nava*, 624 F.3d 226, 232 (5th Cir. 2010). Even if he did not exercise control over at least one member, the record reflects that he had management responsibility over the property, assets, or activities of TMM during a drug deal in which he participated. *See* § 3B1.1, cmt. n.2; *United States v. Delgado*, 672

No. 17-40711

F.3d 320, 345 (5th Cir. 2012) (en banc).  Thus, the district court did not clearly err.  *See United States v. Ochoa-Gomez*, 777 F.3d 278, 281-82 (5th Cir. 2015).

Finally, Garcia argues that the district court used unreliable statements from an undisclosed confidential informant (CI) at sentencing.  He asserts that the CI's purported statements were utilized to support information in the PSR and, particularly, to establish that he merited a § 3B1.1(b) adjustment because he held the position of lieutenant in TMM.  Garcia maintains that the district court violated U.S.S.G. § 6A1.3.  *See* § 6A1.3, p.s., cmt.; *United States v. Rogers*, 1 F.3d 341, 343-44 (5th Cir. 1993).

The information in the PSR was supported by other record evidence.  *See* § 6A1.3, p.s., comment.; *Rogers*, 1 F.3d at 343-44.  The basis for the information regarding Garcia's role in TMM was clarified by testimony at sentencing, and the reliability of the CI was implicitly confirmed.  *See United States v. Young*, 981 F.2d 180, 187 (5th Cir. 1992).  Garcia did not dispute the evidence or rebut the presumptively reliable PSR.  *See United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998); *Young*, 981 F.2d at 187.  Further, regardless of whether he was a lieutenant, the record reflected that Garcia was a ranking member of TMM and subject to a § 3B1.1(b) adjustment.  He also was eligible for the adjustment based on his management responsibility over the property, assets, or activities of TMM.  *See* § 3B1.1, cmt. n.2; *Delgado*, 672 F.3d at 345.  Because the evidence as to his management responsibilities did not regard Garcia's TMM rank or concern information related to the CI, he has not established that the adjustment was clearly erroneous.  *See Ochoa-Gomez*, 777 F.3d at 281-82.

In its cross-appeal, the Government argues that the district court lacked the authority to impose a new sentence pursuant to Federal Rule of Criminal Procedure 35(a).  We review de novo.  *United States v. Ross*, 557 F.3d 237, 239 (5th Cir. 2009).

No. 17-40711

One day after the original sentence was imposed, the district court held a new sentencing hearing and changed the sentence after it was final. *See* FED. R. CRIM. P. 35, Advisory Committee's Notes (2004 Amendments); *United States v. Meza*, 620 F.3d 505, 508 (5th Cir. 2010); *United States v. Gonzalez*, 163 F.3d 255, 263-64 (5th Cir. 1998). While the sentence alteration was timely, *see* FED. R. CRIM. P. 35(a), it was unauthorized. The initial sentence did not result from an arithmetic, technical, or "other clear error." FED. R. CRIM. P. 35(a); *United States v. Hankton*, 875 F.3d 786, 790 (5th Cir. 2017). Rather, the record reflects that the district court had doubts as to the severity of the otherwise reasonable sentence and believed that it did not properly account for Garcia's acceptance of responsibility. The district court's reasons do not present a valid basis for a new sentence. *See Ross*, 557 F.3d at 239, 243; *United States v. Lopez*, 26 F.3d 512, 519-20 (5th Cir. 1994) (per curiam). Garcia has failed to demonstrate that resentencing was justified based on an unwarranted sentencing disparity. *See* 18 U.S.C. § 3553(a)(6); *Hankton*, 875 F.3d at 791 & n.4; *United States v. Duhon*, 541 F.3d 391, 396-97 (5th Cir. 2008).

Therefore, we VACATE Garcia's sentence and REMAND to the district court to reinstate the originally imposed sentence.