# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 1, 2021

Lyle W. Cayce
Clerk

No. 19-40464
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SILVESTRE MARCIAL-PEDRO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
No. 4:18-CR-159-1

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Silvestre Marcial-Pedro pleaded guilty of illegal reentry after removal and was sentenced within the advisory guidelines range. He appeals the sentence,, contending that the district court erred by not properly applying U.S.S.G. § 5G1.3(b). He maintains that he was entitled to have his sentence

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

adjusted to account for the time that he served on a sentence for a state DWI conviction.  He further avers that the district court had to order his federal sentence to run concurrently with the undischarged portion of the state sentence.  Because he failed to object on these bases in the district court, we review for plain error only.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Section 5G1.3(b) states that if a term of imprisonment resulted from a prior offense that is relevant conduct to the offense of conviction under U.S.S.G. § 1B1.3(a)(1), (2), or (3), the court shall adjust the sentence for the offense of conviction to account for any period of imprisonment served on the undischarged term of imprisonment if the court finds that the Bureau of Prisons will not credit the period of imprisonment.  § 5G1.3(b)(1).  The sentence for the offense of conviction shall run concurrently with the remainder of the undischarged term.  § 5G1.3(b)(2).

When Marcial-Pedro was sentenced for the instant conviction, he had been discharged from custody for his state conviction and was subject to a term of parole.  Because we have not decided whether a defendant on parole has an undischarged term of imprisonment under § 5G1.3(b), and given the lack of consensus among the circuit courts, any error involving the application of § 5G1.3(b) was not clear or obvious.  *See United States v. Hankton*, 875 F.3d 786, 794–95 (5th Cir. 2017); *United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007).  Moreover, Marcial-Pedro's prior conviction was not relevant conduct to the instant offense, so § 5G1.3(b) is inapposite in any event. *See* § 5G1.3, comment. (n.2(B)).

Marcial-Pedro also asserts that the sentence imposed is substantively unreasonable.  He urges that the district court did not properly account for his cultural assimilation.  We need not determine whether he preserved this claim because he cannot prevail even on abuse-of-discretion review.  *See*

*United States v. Navarro-Jusino*, 993 F.3d 360, 362 n.2 (5th Cir. 2021).

The district court made an individualized assessment in light of the facts and circumstances and decided that a sentence within the guidelines range adequately accounted for the 18 U.S.C. § 3553(a) factors. We will not reweigh the district court's evaluation of the § 3553(a) factors or their relative importance. *See Gall v. United States*, 552 U.S. 38, 51–52 (2007). Marcial-Pedro has failed to rebut the presumption that his within-guidelines sentence is reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Although cultural assimilation can be a mitigating factor and the basis for a downward departure, nothing requires the district court to afford the factor dispositive weight. *See United States v. Rodriguez*, 660 F.3d 231, 232, 234–35 (5th Cir. 2011); *United States v. Lopez–Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Marcial-Pedro's request that we reexamine the district court's sentencing decision and its evaluation of the sentencing factors reflects his disagreement with the sentence, which is insufficient to rebut the presumption of reasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

To the extent that Marcial-Pedro seeks to assert other claims, he has not briefed them adequately. Thus, he has waived them on appeal. *See* Fed. R. App. P. 28(a)(8)(A); *United States v. Davis*, 609 F.3d 663, 698 (5th Cir. 2010); *see also United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

The judgment of sentence is AFFIRMED.