# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 2, 2021

Lyle W. Cayce
Clerk

No. 20-30695
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JEREMY RUBIN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:18-CR-359-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Defendant-Appellant Jeremy Rubin pleaded guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). At sentencing, Rubin requested that the district court take into consideration the fact that he was in state custody on related conduct for five months prior

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30695

to entering federal custody and served approximately 13 more months on his related state sentence while in federal custody.  The district court sentenced Rubin to a within-guidelines sentence of 52 months in prison. That sentence included a downward departure of 5 months to account for the time Rubin served in state custody prior to his transfer to federal custody. The district court also recommended that the Bureau of Prisons (BOP) award Rubin credit for time served and calculate that credit based on Rubin's receipt into federal custody on January 14, 2019.

We review a sentence imposed by a district court for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).  "The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions."  *Koon v. United States*, 518 U.S. 81, 100 (1996).

A defendant is entitled to credit toward his federal sentence for any time spent in official detention prior to the date his federal sentence commences, if it has not been credited against another sentence.  18 U.S.C. § 3585(b). However, the sentencing court is not authorized to calculate credit for time spent in official detention.  *United States v. Wilson*, 503 U.S. 329, 333-35 (1992). Only the Attorney General, through the BOP, is authorized to make calculations under § 3585.  *Id.* at 334-35.  Nevertheless, sentencing courts have residual authority to reduce a defendant's sentence to account for time served on related charges by means of a downwards variance or departure. *United States v. Madrid*, 978 F.3d 201, 207-08 (5th Cir. 2020); *United States v. Hankton*, 875 F.3d 786, 792 (5th Cir. 2017).

The district court here imposed a 52-month sentence, which included a 5-month downward departure for the time Rubin spent in state custody before his federal sentencing. However, the district court's written judgment imposed a total term of "52 month(s) as to count 1, with credit for time

served since January 14, 2019." The written judgment recommended to the BOP that Rubin be "given credit for time served."

In fashioning this sentence and rejecting Rubin's request for an 18-month downward departure, the district court appears to have relied on a sidebar conversation that occurred between the court, counsel, and a probation officer at sentencing. During that conversation, the probation officer stated that "If he's in federal custody since January, he's going to get credit," and that, to facilitate the receipt of such credit, the district court should "just put[] that on the record and he'll get credit for that." Back in open court, the district court explained that it would "make a specific finding . . . that [Rubin] was taken into federal custody and that credit should be calculated from January 14th, 2019."

As the government now concedes, the BOP could not award Rubin credit for such time under § 3585(b), because that time had already been credited against his state sentence. The district court thus appears to have been operating under the mistaken belief that the BOP could and would award Rubin credit for the time that he served in federal custody on a related state sentence. It is thus unclear whether the district court would have imposed the same sentence had it known that the BOP would be unable to heed the district court's recommendation.

We therefore order a LIMITED REMAND to the district court to consider, and state on the record, whether it would have imposed the same sentence if it had known that the BOP could not, and therefore would not, give Rubin credit for time served since January 14th, 2019. The district court should also consider whether to fashion—through a variance or other appropriate means—a new sentence to account for Rubin's total time served. We retain jurisdiction over this appeal pending the district court's answer to our inquiry.