# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 15-51197
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

September 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

　　　Plaintiff - Appellee

v.

JEREMIAH GRIEGO, also known as Jeremiah Greigo,

　　　Defendant - Appellant

—————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:15-CR-150-2

—————

Before KING, DENNIS, and COSTA, Circuit Judges.

JAMES L. DENNIS, Circuit Judge:

　　　Jerimiah Griego and two others were indicted on one count of aiding and abetting each other in making false statements. Griego pleaded guilty to the charge and was sentenced to ten months in prison and a three year term of supervised release. On appeal, Griego argues that his sentence is procedurally flawed and substantively unreasonable because the district court misapplied the sentencing guidelines. Because we find that the district court committed a significant procedural error in the application of the guidelines' cross-reference provision, we VACATE and REMAND for resentencing.

No. 15-51197

I.

By grand jury indictment, Griego was charged with aiding and abetting the making of a false statement to the United States Marshal's Service, in violation of 18 U.S.C. §§ 1001(a)(2) and (2).   Griego entered a plea of guilty without a plea agreement.   The presentence report (PSR) prepared by the probation office assigned a base offense level of fourteen pursuant to U.S.S.G. § 2J1.2, Obstruction of Justice.   Griego objected to the application of § 2J1.2, arguing that the facts alleged in his indictment did not satisfy the requirements of any of the statutory offenses covered by the obstruction of justice guideline.   He argued that § 2B1.1(a)(2), which sets forth a base offense level of six, was the guideline that appropriately covered his criminal conduct. The probation officer responded to the objection, agreed that the guideline to be used in calculating the sentencing range should be § 2B1.1, and filed an addendum to the PSR and revised the PSR.   While the probation officer agreed that § 2J1.2 did not apply on its own terms, the revised PSR still calculated the base offense level as fourteen, pursuant to the cross-reference provision in § 2B1.1(c)(3).   That provision provides that if "the defendant was convicted under a statute proscribing false, fictitious, or fraudulent statements or representations generally (e.g., 18 U.S.C. § 1001 . . .)" and "the conduct set forth in the count of conviction establishes an offense specifically covered by another guideline," that other guideline should apply.   U.S.S.G. § 2B1.1(c)(3).

At sentencing Griego again objected to the PSR, arguing that the facts alleged in the indictment did not warrant the application of § 2J1.2.   The district court overruled the objection and adopted the statements in the PSR and the response to Griego's objection.   The PSR calculated Griego's guidelines range as ten to sixteen months, with a statutory maximum of five years.   Had § 2B1.1(a)(2) applied, Griego's guidelines range could have been zero to six months.   The district court sentenced Griego to ten months in prison and a

No. 15-51197

three year term of supervised release. Griego objected to a condition of supervised release, but did not object to the sentence as substantively unreasonable. Griego timely filed a notice of appeal.

## II.

Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), we engage in a bifurcated review of the sentence imposed by the district court. *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). First, we consider whether the district court committed a "significant procedural error," such as miscalculating the advisory guidelines range. *Id.* If there is no error or the error is harmless, we may proceed to the second step and review the substantive reasonableness of the sentence for an abuse of discretion. *Id.* at 751-53. We review the district court's factual findings for clear error and its interpretation and application of the guidelines, including any cross-reference provisions, de novo. *United States v. Arturo Garcia*, 590 F.3d 308, 312 (5th Cir. 2009).

## III.

Griego argues that the district court reversibly erred by overruling his objection to the application of § 2B1.1(c)(3), which provides a cross reference to § 2J1.2. He asserts that the Government did not specify and the district court did not find that the facts alleged in the indictment supported any offense other than a violation of 18 U.S.C. § 1001(a)(2), and argues that the facts alleged in the indictment could not support any other offense. We agree.

In *Garcia*, we held that a district court may apply a cross-reference provision pursuant to § 2B1.1(c)(3) only if the facts alleged in the indictment establish the elements of another offense for which the other guideline is applicable. 590 F.3d at 315-16. In *Garcia*, the district court had not identified a specific statutory offense to which the cross-reference provision applied. We addressed the four criminal statutes that could have supported the application

3

of the guidelines and ultimately affirmed the district court, concluding that one of the statutes "expressly cover[ed]" the conduct alleged in the count of conviction. *Id.* at 316.

The Government argues that the facts alleged in Griego's indictment would support a conviction under 18 U.S.C. § 1505, which is covered by § 2J1.2 and prohibits, *inter alia*, "corruptly . . . obstruct[ing], or imped[ing] or endeavor[ing] to influence, obstruct, or impede the due and proper administration of the law under which any pending proceeding is being had before any department or agency of the United States." Specifically, the Government asserts that the indictment shows that Griego:

> knew there was a pending proceeding . . . ; being conducted by officers from the U.S. Marshal's Service (who interviewed [Griego] more than once); and [Griego] willfully and knowingly made a false statement which impeded the investigation.

Yet while the Government acknowledges that the relevant portion of 18 U.S.C. § 1505 requires proof that the defendant acted "corruptly," it wholly fails to explain how the facts alleged in Griego's indictment satisfy this requirement.

We have explained that "corruptly" in the context of § 1505 means "knowingly and dishonestly, with the specific intent to subvert or undermine the due administration of justice." *United States v. Kay*, 513 F.3d 432, 454 (5th Cir. 2007). By contrast, under 18 U.S.C. § 1001, "[t]he requirement that the false representation be made 'knowingly and willfully' is satisfied if the defendant acts deliberately and with the knowledge that the representation is false." *United States v. Guzman*, 781 F.2d 428, 431 (5th Cir. 1986). The generalized mens rea required to violate § 1001 is not sufficient to prove the more specific mens rea required to violate § 1505. *See United States v. Kim*, 95 F. App'x 857, 862 (9th Cir. 2004). Griego's indictment for violation of § 1001 alleged that Griego "did knowingly and willfully make a false, fraudulent and fictitious material statement and representation"; it did not allege that he

No. 15-51197

specifically intended to subvert or undermine the due administration of justice. Because the facts alleged in the indictment do not support the application of U.S.S.G. § 2J1.2, the district court erred in applying the cross-reference provision under U.S.S.G. § 2.B1.1(c)(3). *See Garcia*, 590 F.3d at 315-16.

Accordingly, we VACATE the sentence and REMAND for resentencing.